OCT 17 2014

COURT OF COMMON PLEAS

# IN THE COURT OF COMMON PLEAS, ROSS COUNTY, OHIO

| | | |
|---|---|---|
| Patsy L. Barrows-Wise, Personal Representative & Administrator of the Estate of Krystal M. Barrows 237 England Hollow Road Chillicothe, Ohio 45601 | : : : : : : | 2014 OCT 10 PM 1: 52 ROSS COU.  T   COMMON PLEAS CLERK OF COURTS EY D. ENSON |
| Plaintiff, | : : | Case No. |
| v. | : : | Judge |
| George Lavender, Ross County Sheriff, In His Individual and Official Capacities, 28 N. Paint Street Chillicothe, Ohio 45601 | : : : : : | Jury Demand Endorsed Herein |
| And | : : | |
| Brett McKnight 160 Happy Hollow Road Chillicothe, Ohio 45601 | : : : : | |
| Defendants. | : : | |

## COMPLAINT

### I.   GENERAL AVERMENTS

1.    Plaintiff, Patsy L. Barrows-Wise ("Plaintiff"), was appointed Administrator by the Probate Court of Ross County on June 24, 2014 in the Estate of Krystal M. Barrows ("Barrows"), Deceased, Case Number 2014-E-175.

2.    Barrows died on December 12, 2013.

3.    Plaintiff is the mother of Barrows.

4.    Plaintiff brings this action as administrator of Barrow's estate, and as personal representative and for the exclusive benefit of herself as Barrow's mother, Barrow's father, Barrow's children and other next of kin of the deceased.

5.    On or about December 11, 2013, the Ross County Sheriff's Office , in conjunction with the U.S. Major Crimes Task Force ("Task Force"), conducted a drug

raid and attempted service of a search warrant at a location on Route 23 south of Chillicothe, Ohio in Ross County.

6. One of the officers participating in the raid was Sergeant Brett McKnight ("McKnight") of the Ross County Sheriff's Office.

7. The members of the Task Force knew, or should have known, that the mobile home where the raid was being conducted was occupied by some individuals who may or may not have been involved in illegal activity.

8. The raid was a part of increased drug enforcement efforts by the Ross County Sheriff's Office called "Stop Trafficking or Pay the Price" ("STOPP").

9. The raid was conducted at 10:30 p.m. with officers from the law enforcement agencies participating in the Task Force.

10. Prior to entering the residence, McKnight, without justification, discharged his handgun.

11. The bullet from McKnight's handgun entered the mobile home through the exterior wall striking Barrows in the head.

12. No other shots were fired during the raid and no other individuals were injured during the raid.

13. Barrows died as the direct and proximate result of being struck in the head by the bullet from officer McKnight's handgun.

14. Following the discharge of McKnight's handgun, Barrows was in critical condition.

15. Barrows was transported to The Ohio State University's Wexner Medical Center where she received medical treatment and was later pronounced dead.

16. Subsequent to the completion of the raid, Ross County Sheriff, George Lavender ("Lavender"), and McKnight misled Barrow's family and the public by stating the McKnight's handgun may have malfunctioned.

## II.   COUNT ONE   WRONGFUL DEATH

17. Plaintiff incorporates all proceeding paragraphs as if they were restated in full.

18. Plaintiff brings this wrongful death action as a personal representative for the exclusive benefit of herself as surviving mother, Barrow's children, Barrow's father and other next of kin of the deceased.

19.    McKnight's actions on December 11, 2013 were reckless and wanton and resulted in the death of Barrows.

20.    McKnight was, or should have been, trained to discharge his handgun during a raid only when the use of force is necessary.

21.    At the time that McKnight discharged his handgun he was aware that the use of such force was not necessary and that there were individuals in the mobile home into which he was discharging his handgun.

22.    As a direct and proximate result of McKnight's conduct, Plaintiff's decedent, Barrows, sustained a wrongful death.

23.    Barrows next-of-kin as result of her wrongful death sustained damages recoverable pursuant to R.C. 2125.01 and 2125.02.

24.    As a direct result of McKnight's conduct, Plaintiff has incurred funeral and burial expenses.

## III.    COUNT TWO    42 U.S.C. 1983

25.    Plaintiff incorporates all proceeding paragraphs as if they were restated in full.

26.    Defendants have, under color of state law, deprived Barrows of clearly established rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable person would have known.

27.    The Constitutional rights that Barrows was deprived of include, but are not limited to, the right to due process of law, the right to be free from unreasonable searches and seizures and excessive force, and the right to be free from the unjustified use of deadly force.

28.    Barrows died as a direct and proximate result of the unjustified use of deadly force by McKnight.

29.    Lavender was present at the raid and failed to supervise the operations to avoid the unjustified use of deadly force by McKnight.

30.    On information and belief, the Plaintiff alleges that the Ross County Sheriff's Office has a policy or custom of failing to screen and evaluate officers to determine their fitness to serve as members of the Task Force.

31. The Ross County Sheriff's Office assigns officers to serve on the Task Force who have demonstrated stress-related issues that could affect their ability to perform in a high-stress situation.

32. On information and belief, the Plaintiff alleges that the Ross County Sheriff's Office failed to determine if McKnight could perform in a high-stress situation and/or was aware that McKnight could not perform in a high-stress situation.

33. The wrongful discharge of McKnight's handgun was the direct and proximate result of the negligence or reckless conduct of McKnight and Lavender.

34. The wrongful discharge of McKnight's handgun was also the direct and proximate result of the Ross County Sheriff's Office's policy or custom of failing to screen and evaluate officers to determine their fitness to serve as members of the Task Force.

35. The wrongful conduct of the Defendants, under color of law, has resulted in the death of Barrows and the Plaintiff is entitled to damages for the breach of Barrow's constitutional rights.

## IV.    COUNT THREE   SURVIVORSHIP CLAIM

36. Plaintiff incorporates all proceeding paragraphs as if they were restated in full.

37. McKnight's actions on December 11, 2013 were reckless and wanton and resulted in injury to Barrows.

38. McKnight shot Barrows without a legitimate reason to do so.

39. As a direct and proximate result of McKnight's reckless and wanton actions Barrows incurred injuries, including pain, and suffering.

40. As a direct and proximate result of the actions committed by McKnight, Barrows was deprived of the pleasures of being alive and experiencing the rest of her life.

41. As a direct and proximate result of the actions committed by McKnight, Barrows incurred medical expenses in an amount to be determined at trial.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(A)    Judgment against McKnight for compensatory damages in an amount in excess of $25,000.00;

(B)    Judgment against McKnight for punitive damages in an amount in excess of $25,000.00;

(C)     Judgment against Lavender, in his individual capacity, for compensatory damages in an amount in excess of $25,000.00;

(D)     Judgment against Lavender, in his individual capacity, for punitive damages in an amount in excess of $25,000.00;

(E)     Judgment against Ross County and Lavender, in his official capacity, for compensatory damages in an amount in excess of $25,000.00;

(F)     Attorneys' fees and costs; and,

(G)     Any and all legal and equitable relief that this Court deems appropriate.


Kevin L. Shoemaker (0017094)
8226 Inistork Ct.
Dublin, Ohio 43017
(614) 469-0100
kshoemaker@midohiolaw.com


Sean A. McCarter (0064215)
Law Office of Sean A. McCarter
88 N. Fifth Street
Columbus, Ohio 43215
(614) 358-0880
sean@smccarterlaw.com

Co-Counsel for Plaintiff Patsy L. Barrows-Wise
Administrator of the Estate of Krystal M. Barrows


## JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter.

Kevin L. Shoemaker
Co-Counsel for Plaintiff Patsy L. Barrows-Wise,
Administrator of the Estate of Krystal M. Barrows